**COLE SCHOTZ P.C.**
Cameron A. Welch, Esq.
Bradley P. Pollina, Esq.
1325 Avenue of the Americas
New York, New York 10019
Tel.: 212-752-8000
Fax: 212-752-8393
cwelch@coleschotz.com
bpollina@coleschotz.com

*Special Counsel to the Plaintiff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> MIAMI METALS I, INC., <br><br><br> Debtor. | Chapter 11 <br><br> Case No: 18-13359 (SHL) |
| DONNA H. LIEBERMAN, in her capacity as the litigation trustee of the MIAMI METALS LITIGATION TRUST, <br><br> Plaintiff, <br> v. <br> ROSS METALS CORPORATION, <br><br> Defendant. | Adversary Proceeding No. _____ |

### COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS AND DISALLOW CLAIMS

Donna H. Lieberman, in her capacity as the litigation trustee of the Miami Metals Litigation Trust (the "**Plaintiff**"), by and through her undersigned counsel, files this complaint (the "**Complaint**") to avoid and recover transfers against Ross Metals Corporation (the "**Defendant**") and to disallow any claims held by Defendant. In support of this Complaint,

Plaintiff alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, (a) all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of Debtors' bankruptcy proceedings, pursuant to section 547 and 550 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), (b) subject to proof, any transfers that may have been fraudulent conveyances, pursuant to sections 544(b), 548 and 550 of the Bankruptcy Code, and (c) any unauthorized transfers that cleared post-petition, pursuant to section 549 of the Bankruptcy Code, (all collectively, the "**Avoidable Transfers**").

2. Specifically, Plaintiff seeks entry of a judgment against Defendant (a) avoiding the Avoidable Transfers, (b) preserving for the benefit of the Litigation Trust, as the Debtors' successor in interest, the Avoidable Transfers or the value thereof pursuant to section 551 of the Bankruptcy Code, (c) directing Defendant to pay to Plaintiff an amount to be determined at trial that is not less than the amount of the Avoidable Transfers, plus interest and costs, pursuant to section 550(a) of the Bankruptcy Code, and (d) pending such payment, disallowing any claim of Defendant against the Debtors pursuant to section 502(a) through (j) of the Bankruptcy Code ("**Section 502**").

3. To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtors' respective *Schedules of Liabilities* heretofore filed with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") as undisputed, liquidated, and not contingent, or has otherwise requested payment from any of the Debtors or the Debtors' chapter 11 estates (collectively, the "**Claims**"), this Complaint is not intended to be,

2

nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason including, but not limited to, Section 502, and such rights are expressly reserved.

## JURISDICTION AND VENUE

4. This Bankruptcy Court has subject matter jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

5. The Court has jurisdiction over the Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**").

6. This Adversary Proceeding constitutes a core proceeding to be heard and determined by the Court pursuant to 28 U.S.C. §§ 157(b)(2), 1334(e).

7. The predicates for the relief requested herein are Sections 105(a), 502, 542(b), 544(b), 546, 547, 548, 549, 550 and 551 of the Bankruptcy Code and Rules 3007 and 7001 of the Bankruptcy Rules.

8. Plaintiff consents to entry of final orders and judgment by the Bankruptcy Court in this Adversary Proceeding pursuant to Bankruptcy Rule 7008.

9. Venue is proper in this Bankruptcy Court under 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

10. On November 2, 2018 (the "**Petition Date**"), Debtors Miami Metals I, Inc. (f/k/a Republic Metals Refining Corporation), Miami Metals II, Inc. (f/k/a Republic Metals Corporation), and Miami Metals III LLC (f/k/a Republic Carbon Company) filed with the Bankruptcy Court voluntary petitions for relief under Chapter 11 of Bankruptcy Code, and on November 21, 2018, the Debtors Miami Metals IV (f/k/a J & L Republic LLC), Miami Metals V (f/k/a R & R Metals, LLC), Miami Metals VI LLC (f/k/a RMC Diamonds, LLC), Miami Metals

3

VII LLC (f/k/a RMC2, LLC), Miami Metals VIII LLC (f/k/a Republic High Tech Metals, LLC), Republic Trans Mexico Metals, S.R.L., and Republic Metals Trading (Shanghai) Co., Ltd. filed voluntary petitions for relief under the Bankruptcy Code, commencing their Chapter 11 Cases (the "**Chapter 11 Cases**").

11. On November 8, 2018, the Bankruptcy Court entered an order authorizing the joint administration of these Chapter 11 Cases [ECF No. 44].

12. On December 23, 2019, the Court entered an order (the "**Confirmation Order**") [ECF No. 1668] confirming the Second Amended Joint Chapter 11 Plan of Liquidation of Debtors [ECF No. 1491-2] (including the exhibits thereto, and all documents and agreements executed pursuant thereto, and as modified from time-to-time, the "**Plan**").

13. As part of the Confirmation Order, the Chapter 11 Cases of Debtors Republic Trans Mexico Metals, S.R.L., and Republic Metals Trading (Shanghai) Co., Ltd. were dismissed [ECF No. 1668, at para. 40].

14. The Plan became effective on January 7, 2020 [ECF No. 1682] (the "**Effective Date**").

15. On the Plan Effective Date, in accordance with the Plan, the Confirmation Order and a Litigation Trust Agreement (the "**Trust Agreement**"), all of the Debtors' claims and rights against third parties, including avoidance actions under Chapter 5 of the Bankruptcy Code, were transferred to and became vested in the Plaintiff, and Donna H. Lieberman was appointed trustee of the Plaintiff (the "**Litigation Trustee**").

16. Pursuant to the terms of the Plan and Trust Agreement, the Litigation Trustee has the exclusive authority to maintain, prosecute, settle, dismiss, abandon, or otherwise dispose of, among other claims, avoidance actions under Chapter 5 of the Bankruptcy Code.

4

17. By Order dated April 3, 2020, a Final Decree: (I) Closing Subsidiary Cases; and (II) Granting Related Relief was entered, and the bankruptcy cases of all of the remaining Debtors other than Miami Metals I, Inc. were closed [ECF No. 1746]. That Order specifically provides that "Miami Metals I, Inc. (the "Remaining Debtor"), the Litigation Trust and the Litigation Trustee, as applicable, shall be entitled to prosecute claims and defenses, make distributions, and attend to other wind-down affairs on behalf of each of the other former Debtors as if such Debtors' estates continue to exist."

## THE PARTIES

18. Pursuant to the Plan, the Confirmation Order and the Litigation Trust Agreement, the Plaintiff, as Litigation Trustee, is the authorized party to, among other things, commence, prosecute, and compromise this avoidance action.

19. Upon information and belief, Defendant, Ross Metals Corporation, is a corporation formed and existing pursuant to the laws of the State of New York with an address of 27 West 47th St., New York, New York 10036 and at all relevant times, was a vendor to or creditor of the Debtor.

## FACTUAL BACKGROUND

20. The Debtors were an internationally-recognized "Good Delivery" refiner of precious metals with a primary focus on gold and silver. Products included refined bars of both gold and silver, grains, and minted and casted investment grade coins and bars in gold and silver of various designs and sizes.

21. Debtors' customers and/or suppliers, including Defendant, shipped unrefined, salvaged, recycled and/or re-purchased gold, silver and other precious metals to the Debtors for refining from all over the United States and the Western Hemisphere.

61036/0001-21508152v1

22. Precious metal shipped to Debtors by their customers and/or suppliers was refined and, in some cases, added to Debtors' common inventory of refined precious metals.

23. Depending on the arrangements with the applicable buyer, the Debtors generally paid their customers and/or suppliers for unrefined metal either by: (i) check or wire transfer; (ii) delivery of refined product (physical metal), either directly or in "metals credit" on the London metals exchange, commonly referred to as "Loco London"; and/or (iii) providing refined precious metals from Debtors' common inventory to third-parties designated by the customer and/or supplier.

24. Defendant sold metal primarily consisting of gold, silver, platinum and/or palladium, to Debtors, in exchange for which Defendant was, generally, paid in cash and metal by Debtors.

25. Each shipment of metals by Defendant to the Debtors created an antecedent debt owed to Defendant. Defendant was thus a creditor of Debtors.

26. During the ninety (90) days before the Petition Date (the "**Preference Period**"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, metal credit transfers, physical metal transfers, direct deposits or otherwise to certain entities, including Defendant (each transfer, an "**Avoidable Transfer**" and, collectively, the "**Avoidable Transfers**") as more fully identified on **Exhibit 1** attached hereto and incorporated by reference herein.

27. The total Avoidable Transfers made to Defendant during the Preference Period are cash payments in the amount of $1,907,521.40.

28. Plaintiff seeks to avoid all of the transfers of an interest in the Debtors' property made by the Debtors to the Defendant during the Preference Period.

29. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers of the Debtors in property made to Defendant that may be recoverable under sections 547, 548 or 549 of the Bankruptcy Code, including any transfers of an interest of the Debtors' property made to Defendant during the ninety (90) days preceding the Petition Date. It is Plaintiff's intention to avoid and recover all such transfers made by the Debtors. Plaintiff reserves the right to amend this Complaint to include: (i) further information regarding the Avoidable Transfer(s); (ii) additional transfers; (iii) modifications of and/or revisions to Defendant's name; (iv) additional defendants; and/or (v) additional causes of action (collectively, the "**Amendments**"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

## CLAIMS FOR RELIEF

### COUNT I
**Avoidance of Preferential Transfers Pursuant to Section 547(b) of the Bankruptcy Code**

30. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation contained in all preceding paragraphs as if fully set forth herein.

31. During the Preference Period, one or more of the Debtors made the Avoidable Transfers to, or for the benefit of, the Defendant in the amounts set forth on **Exhibit 1**.

32. During the Preference Period, the Defendant was a creditor of the Debtors within the meaning of section 547(b)(1) of the Bankruptcy Code at the time of each Avoidable Transfer by virtue of supplying goods and/or services for which the Debtors were obligated to pay.

33. The Avoidable Transfers were transfers of an interest in the Debtors' property.

34. According to the Debtors' books and records, the Avoidable Transfers were made to, or for the benefit of, the Defendant because each Avoidable Transfer either reduced or fully satisfied a debt or debts then owed by one or more of the Debtors to the Defendant.

35. The Avoidable Transfers were made for or on account of antecedent debts owed by one or more of the Debtors.

36. The Avoidable Transfers were made while the Debtors were insolvent. The Debtors are entitled to the presumption of insolvency for each Avoidable Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code. Further, as evidenced by, among other things: (i) the Debtors' bankruptcy petitions (publicly filed with the Bankruptcy Court); (ii) the proofs of claim that have been filed against the Debtors' estates; and (iii) the Debtors' publicly-filed schedules, the Debtors' liabilities materially exceeded the value of the Debtors' assets at all times during the Preference Period.

37. Plaintiff estimates that general unsecured creditors will receive less than full value on account of their allowed claims against the Debtors' estates.

38. The Avoidable Transfers were made on or within ninety (90) days prior to the Petition Date.

39. The Avoidable Transfers enabled the Defendant to receive more than it would receive if (a) the Debtors' cases were under Chapter 7 of the Bankruptcy Code, (b) the Avoidable Transfers had not been made, and (c) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

40. The Defendant was either the initial transferee of each of the Avoidable Transfers, the entity for whose benefit the Avoidable Transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the Avoidable Transfers.

61036/0001-21508152v1

41. By reason of the foregoing, each Avoidable Transfer should be avoided and set aside as a preferential transfer pursuant to section 547(b) of the Bankruptcy Code and may be recovered by Plaintiff pursuant to section 550(a) of the Bankruptcy Code.

## COUNT II
### Avoidance of Fraudulent Transfers Pursuant to Section 548 of the Bankruptcy Code

42. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation contained in all preceding paragraphs as if fully set forth herein.

43. Plaintiff pleads, in the alternative, that the Avoidable Transfers were made within two (2) years prior to the Petition Date.

44. The Avoidable Transfers were made to, or for the benefit of, the Defendant.

45. To the extent one or more of the Avoidable Transfers were not on account of an antecedent debt or were prepayments for goods and/or services subsequently received, Plaintiffs plead in the alternative that the Debtors did not receive reasonably equivalent value in exchange for the Avoidable Transfers (the "**Fraudulent Transfers**").

46. The Debtors: (a) were insolvent on the dates of the Transfers or became insolvent as a result of the Transfers, (b) engaged, or were about to engage, in business or a transaction for which any property remaining with the Debtors or for whose benefit the Transfers were made was an unreasonably small capital at the time of, or as a result of, the Transfers, and/or (c) intended to incur, or believed that they would incur, debts that would be beyond their ability to pay as such debts matured.

47. By reason of the foregoing, the Fraudulent Transfers should be avoided and set aside as fraudulent transfers under section 548 of the Bankruptcy Code and may be recovered by Plaintiff pursuant to section 550(a) of the Bankruptcy Code.

# COUNT III
### Recovery of Avoidable Transfers Pursuant to Section 544(b) of the Bankruptcy Code

48. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation contained in all preceding paragraphs as if fully set forth herein.

49. Pursuant to section 544(b) of the Bankruptcy Code, a trustee may avoid, *inter alia*, any transfer of an interest of the debtor in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of the Bankruptcy Code.

50. The Fraudulent Transfers were made within two (2) years before the Petition Dates.

51. To the extent one or more of the Fraudulent Transfers were not on account of an antecedent debt and were prepayments for goods and/or services subsequently received, Plaintiff pleads in the alternative that the Debtors received less than reasonably equivalent value in exchange for the Fraudulent Transfers.

52. At the time the Fraudulent Transfers were made, the Debtors (a) were engaged in business or were about to engage in a business or a transaction, for which the remaining assets of the Debtors were unreasonably small in relation to their business or transaction, or (b) intended to incur, or believed or reasonably should have believed that the Debtors would incur, debts beyond the Debtors' ability to pay as they became due.

53. At all relevant times, the Debtors had actual creditors holding unsecured claims allowable within the meaning of sections 502 and 544(b) of the Bankruptcy Code.

54. Such Fraudulent Transfers constitute fraudulent transfers which should be avoided pursuant to section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

10

## COUNT IV
### Recovery of Avoidable Unauthorized Post-Petition Transfers Pursuant to Section 549(a) of the Bankruptcy Code

55. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation contained in all preceding paragraphs as if fully set forth herein.

56. Subject to proof, Plaintiff pleads that to the extent any transfers made by the Debtors to Defendant, including the Avoidable Transfers, were transfers of an interest in the property of one or more of the Debtors that cleared the Debtors' bank accounts after the Petition Date (the "**Post-Petition Transfers**"), such Post-Petition Transfers were never authorized by the Court or under the Bankruptcy Code and, thus in accordance with the foregoing, are property of the Litigation Trust as successor in interest to the Debtors' estates that are avoidable pursuant to section 549(a) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## COUNT V
### Recovery of Avoidable Transfers Pursuant to Section 550 of the Bankruptcy Code

57. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation contained in all preceding paragraphs as if fully set forth herein.

58. Plaintiff is entitled to avoid the Avoidable Transfers pursuant to sections 547(b), 548 and/or 549(a) of the Bankruptcy Code.

59. The Defendant was the initial transferee of each of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

60. Pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from the Defendant an amount to be determined at trial that is not less than the total amount of

the Transfers made to the Defendant, plus interest thereon to the date of payment and the costs of this action.

## COUNT VI
### Disallowance of Claims Pursuant to Section 502(d) of the Bankruptcy Code

61. Plaintiff repeats, re-alleges, and incorporates each and every allegation contained in all preceding paragraphs as if fully set forth herein.

62. The Defendant is a transferee of transfers avoidable under sections 547, 548 and/or 549 of the Bankruptcy Code, which property is recoverable under section 550(a) of the Bankruptcy Code.

63. The Defendant was the initial transferee of each of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

64. The Defendant has not paid to Plaintiff the amount of the Transfers, or turned over such property to the Plaintiff, for which the Defendant is liable under section 550(a) of the Bankruptcy Code.

65. Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of the Defendant and/or its assignee, against the Debtors' estates, or the Debtors, must be disallowed until such time as the Defendant pay to Plaintiff all amounts sought herein.

**WHEREFORE**, the Plaintiff respectfully requests that the Bankruptcy Court enter an Order and Judgment:

   (a) avoiding all Avoidable Transfers pursuant to section 547(b) of the Bankruptcy Code;

   (b) avoiding all Avoidable Transfers pursuant to section 548 of the Bankruptcy Code;

   (c) avoiding all Avoidable Transfers pursuant to section 544(b) of the Bankruptcy Code;

(d) avoiding all Avoidable Transfers pursuant to section 549(a) of the Bankruptcy Code,

(e) directing the Defendant to pay to Plaintiff, pursuant to section 550(a) of the Bankruptcy Code, an amount to be determined at trial that is not less than the full amount of the Transfers;

(f) disallowing any Claim of the Defendant pursuant to section 502(d) of the Bankruptcy Code;

(g) awarding pre-judgment interest at the maximum legal rate running from the date of the Debtors' and/or the Plaintiff's first demand to return all Avoidable Transfers to the date of judgment with respect to this Complaint herein;

(h) awarding the Plaintiff its costs and expenses incurred in connection with this Adversary Proceeding, including reasonable attorneys' fees; and

(i) entering judgment in favor of the Plaintiff and against the Defendant in an amount not less than $1,907,521.40 with interest accruing from the date of this Complaint at the judgment rate of interest (together with the monetary award provided in subparagraphs (e), (g), and (h), the "**Judgment**");

(j) awarding post-judgment interest at the maximum legal rate running from the date of the Judgment until the date the Judgment is paid in full, plus costs;

(k) requiring the Defendant to pay forthwith the amount of the Judgment; and

(l) granting the Plaintiff such other and further relief as the Bankruptcy Court deems just and proper.

Dated: New York, New York
      October 26, 2020                                      Respectfully submitted,

                                                            **COLE SCHOTZ P.C.**
                                                            *Special Counsel to the Plaintiff*

                                                            */s/ Cameron A. Welch*
                                                            Cameron A. Welch
                                                           Bradley P. Pollina
                                                           1325 Avenue of the Americas
                                                           New York, New York 10019
                                                           Tel.: 212-752-8000
                                                           Fax: 212-752-8393
                                                           cwelch@coleschotz.com
                                                           bpollina@coleschotz.com